UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:                                                    Bankruptcy Case No. 12-21266-PRW
                                                          Chapter 7
    WILLIAM L. TATRO, IV,

        Debtor.

_____

**DECISION AND ORDER**
**DENYING DEBTOR'S OMNIBUS OBJECTION TO CLAIMS**

PAUL R. WARREN, United States Bankruptcy Judge

      The Chapter 7 Debtor, William L. Tatro, IV ("Debtor")—a former licensed stock broker and investment advisor—has moved by an omnibus objection to disallow 102 proofs of claim of individual unsecured creditors filed over two years ago (ECF Nos. 292-296).[1] Each claimant—represented by the Pearl Law Firm—indicated as the basis for their claim "[i]nvestment losses from debtor's breach of fiduciary duty and securities fraud" (collectively "Pearl Claimants") (*See, e.g.*, Claims Register, Claim No. 118). Each Pearl Claimant attached a one-page addendum to their proofs of claim, stating that documents evidencing investments and investment losses are too voluminous to attach (*See, e.g.*, Claims Register, Claim No. 173). The Debtor objects to the claim of each Pearl Claimant on the narrow procedural ground that the Pearl Claimants failed to comply with the recently enacted provisions of Rule 3001(a) and (c)(1) FRBP, which require that claims based on a writing must include a copy of the writing with the proof of claim (ECF No. 292 ¶ 22). The Debtor requests that each of the claims be "disallowed," "expunged," and that the

---

[1] The Debtor's "omnibus objection" is listed on the docket as ECF Nos. 292, 293, 294, 295, and 296—all being mirror-image objections covering the subject claims. For convenience, the Court will refer to the "omnibus objection" as "ECF No. 292."

Pearl Claimants be precluded from presenting any documents or information as evidence in any contested matter or adversary proceeding filed in connection with this case, based solely on the provisions of Rule 3001(c)(2)(D)(i) and (ii) FRBP (*Id.* ¶¶ 29, 36, 37). Interestingly, the Debtor makes no mention—passing or otherwise—of 11 U.S.C. § 502(b)(1) through (9) as substantive grounds to support the motion.[2] The Debtor goes so far as to request the imposition of sanctions in the form of attorney's fees against the Pearl Claimants, arguing that the failure to include documentation was willful (*Id.* at 2 & ¶ 38).

Because 11 U.S.C. § 502(b)(1) through (9) provide the exclusive grounds for disallowance of a proof of claim—and the failure to comply with Rule 3001 FRBP is not an independent basis to disallow a claim under 11 U.S.C. § 502(b)—the Debtor's motion to disallow and expunge the Pearl Claimants' proofs of claim is **DENIED**. Alternatively and additionally, the Debtor's motion to disallow the claims is **DENIED,** by operation of the doctrine of judicial estoppel and because the Debtor lacks standing to object in this no-asset case—where there is not even the remotest prospect of a liquidation surplus to benefit the Debtor. The Debtor's further request to impose evidentiary sanctions against the Pearl Claimants—in any contested matter or adversary proceeding filed in this case—is in all respects **DENIED**. The Debtor's request for sanctions and attorney's fees against the Pearl Claimants is also in all respects **DENIED**.

---

[2]   The Debtor asserts that "[the] *Bankruptcy Code* and Bankruptcy Rules require that any documents evidencing a claim be attached to the filed proof of claim" (ECF No. 292 at 2) (emphasis added). The Debtor offers no citation to a provision of Title 11 to support that proposition.

2

# I.

# JURISDICTION

The Court has jurisdiction of this matter under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

# II.

# FACTS

The Debtor filed a voluntary petition for Chapter 7 bankruptcy relief on July 30, 2012 (ECF No. 1). The Debtor's schedules indicate that this is a no-asset case—the Debtor's scheduled liabilities total $2,108,660.56, while the Debtor's scheduled assets total $554,000.00 (ECF No. 1, Summary of Schedules). During the nearly three years that administration of the estate has been proceeding, claims totaling $21,473,251.02 have been filed—more than ten times the amount of scheduled liabilities—while assets appear to be significantly less than the value scheduled by the Debtor (ECF No. 301 ¶ 2 & n.6, n.7). As amended, the Debtor's Schedule F lists $1,518,600.94 in unsecured nonpriority debts owed to hundreds of unsecured creditors (ECF No. 1, Schedule F; ECF No. 79, Am. Schedule F).

The Pearl Law Firm represents over 100 unsecured creditors in the bankruptcy case, nearly all of whom are listed on the Debtor's Schedule F (ECF No. 146 ¶ 2). The Pearl Claimants assert that they are owed money based on investment losses caused by the Debtor's breach of fiduciary duty as an investment advisor and acts constituting securities fraud (ECF No. 292 ¶ 8; ECF No. 85 ¶¶ 6-10). In August of 2012, almost immediately after the Debtor filed for Chapter 7 protection, the Pearl Law Firm moved on behalf of the Pearl Claimants to lift the stay

3

under 11 U.S.C. § 362(d)(1), seeking to pursue a Financial Industry Regulatory Authority ("FINRA") action against the Debtor to recover damages (ECF No. 14). The Court denied the motion without prejudice, finding that there was no immediate need to calculate the investment loss claims of the Pearl Claimants because the case—at that early stage—appeared to be a no-asset case (ECF No. 43). The Court did permit the Pearl Claimants to proceed with their FINRA claims against other non-debtor entities (ECF No. 69).

On or immediately before the claims bar date of January 14, 2013, the Pearl Claimants filed proofs of claim in the case (ECF No. 292 ¶ 11; ECF No. 65). The Pearl Claimants allege as the basis of their claims "[i]nvestment losses from debtor's breach of fiduciary duty and securities fraud" (*See, e.g.*, Claims Register, Claim No. 118). The proofs of claim state in an addendum that "[d]ocuments evidencing investments and investment losses are in the hundreds, if not thousands. Please advise if something specific is needed" (*See e.g.*, Claims Register, Claim No. 173).

Following the claims bar date, in March 2013, the Court granted in part and denied in part the Pearl Law Firm's motion for a Rule 2004 examination of the Debtor (ECF No. 205). The Court's Order directed the Debtor to appear for a Rule 2004 examination and extended the Pearl Claimants' time to object to the Debtor's discharge until after the Rule 2004 examination was completed (*Id.*). The bankruptcy case remains open pending completion of the Debtor's Rule 2004 examination and pending an avoidance action brought by the Chapter 7 Trustee against the Debtor's wife (ECF No. 292 ¶ 39; *Gordon v. Mallet*, Case No. 14-2010). The Debtor complains that the Rule 2004 examination has not been completed and that it is time for the case to close, so the Debtor can enjoy a fresh start, but at no time has the Debtor ever sought relief with respect to the pending Rule 2004 examination (ECF No. 292 ¶ 39 n.1).

On March 16, 2015—over two years after the claims bar date elapsed—the Debtor filed an omnibus objection to 102 claims of the Pearl Claimants for failure to comply with Rule 3001(a) and (c)(1) FRBP (ECF No. 292 ¶ 22). With the exception of only 2 of the 102 claimants at issue in the omnibus objection, the Debtor listed each of the Pearl Claimants on Schedule F— and listed them as "disputed," "contingent," or "unliquidated" (ECF No. 1, Schedule F).[3]

### III.

### ARGUMENTS

The basis for the Debtor's objection to each of the Pearl Claimants' proofs of claim is the same: the Pearl Claimants failed to submit documentation supporting the existence of their claims by offering a copy of an investment agreement or written new account form agreement, which would confirm that a broker-client relationship existed between the Debtor and each Pearl Claimant (ECF No. 292 ¶¶ 9-10). According to the Debtor, "[b]roker/dealers uniformly maintain supervision departments that reject applications to open accounts and buy and sell securities unless and until all required documentation has been duly executed by the client or customer" (*Id.* ¶ 10). Thus, the Debtor argues that by failing to include investment agreements with their

---

[3] Even a casual review of the Debtor's Schedule F reveals that, of the 102 claims objected to by the Debtor, only the names of Carol Best and Frederic Salsburg are not listed in the Debtor's Schedule F (ECF No. 1, Schedule F; ECF No. 79, Am. Schedule F). Curiously, the Debtor claims that "*some Pearl Claimants simply had no documents to attach because they never were investment clients of the Debtor*"—listing 10 specific individuals that he disputes were ever clients (ECF No. 292 ¶ 17) (emphasis added). However, the Debtor's own Schedule F includes the name of each and every one of those 10 individuals as unsecured creditors (ECF No. 1, Schedule F at 73, 127, 187, 214, 329, 330, 361, 397, & 401). The Court would hope that this was an unfortunate misstatement of the facts by the Debtor and not a reckless disregard for the requirements of Rule 11 FRCP.

proofs of claim, the Pearl Claimants violate Rule 3001(c)(1) FRBP, which requires that a claim based on a writing include a copy of the writing as an attachment to the proof of claim (*Id.* ¶ 22). Further, the Debtor asserts that the proofs of claim violate Rule 3001(a) FRBP because they do not "substantially comport to the corresponding Proof of Claim Form (Official Form 10)" (*Id.* ¶ 26). Official Form 10 instructs the filer to "[a]ttach redacted copies of any documents that show the debt exists and a lien secures the debt" (Official Form 10 ¶ 7). The Debtor requests disallowance of the claims under Rule 3001(c)(2)(D) FRBP, arguing that the Pearl Claimants' failure to provide copies of the investment agreements is not substantially justified, causes delay of the case, and is a willful violation of Rule 3001 FRBP (ECF No. 292 ¶¶ 29-33). For the same reasons, the Debtor seeks to preclude the Pearl Claimants from using the investment agreements and related documents as evidence in any contested matter or adversary proceeding filed in connection with this case (*Id.*).

The Pearl Claimants oppose the Debtor's omnibus objection, arguing that the Debtor lacks standing to object to their claims because the Debtor is not a "party in interest" under 11 U.S.C. § 502(a)—as a Chapter 7 Debtor in a no-asset case, with no possibility of a surplus (ECF No. 301 ¶¶ 18-21). Further, the Pearl Claimants assert that the Debtor fails to allege any substantive legal basis for disallowance under 11 U.S.C. § 502(b) and that Rule 3001(c) FRBP does not provide an independent basis to "disallow" proofs of claim (*Id.* ¶¶ 22, 36).

6

Case 2-12-21266-PRW    Doc 305    Filed 05/14/15    Entered 05/14/15 16:24:10    Desc
                       Main Document    Page 6 of 18

# IV.

# CONCLUSIONS OF LAW

A. <u>**Section 502(b) Provides the Exclusive Basis to Disallow Claims.**</u>

The Debtor argues that disallowance of the claims of the Pearl Claimants is appropriate under either Rule 3001(c)(2)(D)(i) or (ii) FRBP (ECF No. 292 ¶ 31). The Debtor does not include—or even mention—any basis to disallow the claims under 11 U.S.C. § 502(b). The failure to attach documentation sufficient under Rule 3001(c) FRBP is not one of the nine statutorily enumerated grounds for disallowance under 11 U.S.C. § 502(b) FRCP. The question presented by the Debtor's omnibus objection is whether 11 U.S.C. § 502 provides the exclusive grounds for disallowing claims—or whether Rule 3001(c)(2)(D) FRBP creates an independent basis for disallowance of a claim.

The standard for allowance and the enumerated grounds for disallowance of a proof of claim are provided in 11 U.S.C. § 502. Under § 502(a), a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If any objection to a claim is made, the Court is to determine the amount of such claim as of the date of the petition. 11 U.S.C. § 502(b). Section 502(b) sets forth nine substantive grounds on which a claim may be disallowed. 11 U.S.C. § 502(b)(1)-(9).

The Bankruptcy Rules and Forms govern procedure in cases under Title 11 of the United States Code. The Rules are to be construed to secure the just, speedy, and inexpensive determination of every case and proceeding. Rule 1001 FRBP. "Such rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Rule 3001 FRBP provides for the form and content of a proof of claim. Rule 3001(a) states that a "proof of claim shall conform substantially to the appropriate Official Form." Rule 3001(a) FRBP. As amended in 2011, Rule

7

3001(c)(1) additionally provides, "[w]hen a claim, or an interest in property of the debtor securing the claim, *is based on a writing*, a copy of the writing shall be filed with the proof of claim."[4] Rule 3001(c)(1) FRBP (emphasis added). A proof of claim that complies with the Rule "constitute[s] prima facie evidence of the validity and amount of the claim." Rule 3001(f) FRBP. When a proof of claim does not comply with the Rule—in addition to losing its *prima facie* validity—the claimant might also be subject to sanctions under Rule 3001(c)(2)(D) FRBP, which provides:

> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

---

[4] Perhaps the Court could end its discussion here, finding that the claims of the Pearl claimants are not "based on a writing" under Rule 3001(c)(1) FRBP. Each claim indicates it is based on acts of "breach of fiduciary duty and securities fraud." As the Debtor would have it, each claimant would have signed an "investment agreement" with the Debtor—as a broker/dealer—and that it is the "investment agreement" that forms the basis of the investor claims, not the Debtor's actual acts, deeds, or conduct (ECF No. 292 ¶¶ 9-12). The Debtor seems to suggest that, without a copy of each investment agreement, he cannot determine whether the Pearl Claimants were his investment clients (ECF No. 292 ¶ 16). Schedule F filed by the Debtor—consisting of 405 pages—evidences the fact that he had no difficulty in identifying, by name and address, each of his former investment clients. In fact, 98.5% of the Pearl Claimants are included in Schedule F. While production of copies of investment agreements with the Debtor may be necessary for the Trustee to review for those few unscheduled claimants should this become an asset case, the Debtor's argument that the subject claims are "based on a writing" appears to be disingenuous.

Rule 3001(c)(2)(D) FRBP. Subparagraph (D) of Rule 3001(c)(2) FRBP was enacted as an amendment to Rule 3001 in 2011. *In re Brunson*, 486 B.R. 759, 770 (Bankr. N.D. Tex. 2013).

A majority of courts have adopted the so-called "exclusive view"—that "11 U.S.C. § 502 sets forth the exclusive grounds for disallowance of a claim, and failure to file documentation is not among them." *Brunson*, 486 B.R. at 770; *see Khatibi v. FIA Card Servs., N.A.*, No 5:14-CV-44(MTT), 2014 U.S. Dist. LEXIS 79873, at *13-15 (Bankr. M.D. Ga. June 12, 2014); *In re Gorman*, 495 B.R. 823, 835 (Bankr. E.D. Tenn. 2013); *In re Johnson*, No. 12-02072-TLM, 2012 Bankr. LEXIS 5231, at *5 (Bankr. D. Idaho Nov. 7, 2012); *In re Rehman*, 479 B.R. 238, 242 (Bankr. D. Mass 2012); *In re Reynolds*, 470 B.R. 138, 145 (Bankr. D. Colo. 2012). In "exclusive view" courts, a party in interest seeking to have the Court "disallow" a claim must allege a substantive basis under 11 U.S.C. § 502(b). "If the debtor does not, then an objection to a claim based solely on the claimant's failure to attach the documents required by Bankruptcy Rule 3001 must be overruled." *Brunson*, 486 B.R. at 769.

Courts have offered various explanations to support the majority viewpoint. First, courts reason that the exclusive view is dictated by the plain language of 11 U.S.C. § 502(b), which does not enumerate noncompliance with the Bankruptcy Rules as a basis for disallowance of a claim. *In re Pursley*, 451 B.R. 213, 226 (Bankr. M.D. Ga. 2011). A second rationale is that a contrary view would undermine the bankruptcy system by permitting debtors to defeat claims "they admittedly owe based on perceived evidentiary advantages." *In re Kincaid*, 388 B.R. 610, 618 (Bankr. E.D. Pa. 2008). A third reason offered in support of the majority view is derived from the "historic principle in proof of claim jurisprudence that a proof of claim should be treated as if it were a verified complaint or a deposition." *Pursley*, 451 B.R. at 227. If the proof of claim is considered as evidence—rather than a pleading—"it becomes apparent that the proof

9

of claim may include sufficient detail regarding the claim for a court to accord it *prima facie* status and require the objector to come forward with some evidence to contest the claim, even though the proof of claim does not comply with all of the requirements of Rule 3001." *Id.* at 226. Finally, the majority view encourages the "fair and inexpensive resolution of claims objections through a summary procedure," allowing courts to strike a balance between the interest of the claimant, without undue burden or expense, and the interest of the debtor in obtaining sufficient information to evaluate proofs of claim. *Id.*

By contrast, a minority of courts take the view that noncompliance with Rule 3001 FRBP can be a basis for disallowance if, after an objection has been filed, a creditor fails to prove its claim by a preponderance of evidence. *See In re Kirkland*, 572 F.3d 838, 840-41 (10th Cir. 2009); *In re Lytell*, No. 11-2473, 2012 U.S. Dist. LEXIS 8994, at *4-6 (E.D. La. Jan. 26, 2012); *In re Minbatiwalla*, 424 B.R. 104, 118 (Bankr. S.D.N.Y. 2010); *In re Porter*, 374 B.R. 471, 482-84 (Bankr. D. Conn. 2007). In an opinion by the only Circuit Court to address the issue, the *Kirkland* Court reasoned that allowing a proof of claim without supporting documentation improperly shifts the burden to the opposing party to disprove an unsubstantiated claim. *See Kirkland*, 572 F.3d at 840-41.

The 2011 addition of subparagraph (D) to Rule 3001(c)(2) FRBP—enacted *after* the 10th Circuit's decision in *Kirkland*—sheds light on this judicial divide. *See Reynolds*, 470 B.R. at 142 (noting that the 2011 amendment to Rule 3001 FRBP "require[s] the Court to question whether [the *Kirkland* Court's holding] continues to control" the issue of whether a creditor's failure to attach documents to its proof of claim is an independent basis to disallow a claim). Rule 3001(c)(2)(D) FRBP sets forth sanctions available to the Court if a proof of claim does not provide the information required by Rule 3001(c). Noticeably absent from the sanctions

10

available under Rule 3001(c)(2)(D) is the disallowance of a claim. *See Brunson*, 486 B.R. at 770. The Advisory Committee's comments on the 2011 amendment, which added subparagraph (D) to Rule 3001(c)(2), explain:

> *Failure to provide the required information [under Rule 1307(c)] does not itself constitute a ground for disallowance of a claim. See § 502(b) of the Code.* But when an objection to the allowance of a claim is made or other litigation arises concerning the status or treatment of a claim, if the holder of that claim has not complied with the requirements of this subdivision, the court may preclude it from presenting as evidence any of the omitted information, unless the failure to comply with this subdivision was substantially justified or harmless. The court retains discretion to allow an amendment to a proof of claim under appropriate circumstances or to impose a sanction different from or in addition to the preclusion of the introduction of evidence.

Rule 3001 FRBP Advisory Committee's note (2011) (emphasis added).

The plain language of Rule 3001(c)(2)(D) FRBP—and the accompanying Advisory Committee's note—demonstrate that the sanctions available under Rule 3001(c)(2)(D) are intended to be evidentiary and procedural, not substantive. *See Brunson*, 486 B.R. at 771 (citing Rule 1001 FRBP for the proposition that the Bankruptcy Rules of Procedure are intended to be procedural in that they help to secure the "just, speedy and inexpensive determination of every case and proceeding"); *Reynolds*, 470 B.R. at 145 ("Thus, the revised Rule 3001 makes it clear that a creditor who fails to fully comply with the documentation requirements of Rule 3001(c), primarily faces the *evidentiary* sanction of being precluded from introducing its documents at a subsequent hearing on a substantive objection to its proof of claim under § 502(b).)". "An assertion that the proof of claim is not supported by documentation is not sufficient, by itself, to support an objection to claim." *In re Aiolova*, No. 11-10503 (BRL), 2013 Bankr. LEXIS 4504, at *8 (Bankr. S.D.N.Y. Oct. 29, 2013) (recognizing that a proof of claim can be disallowed if the information is not sufficient to allow the objecting party—in good faith—to identify the creditor

or the debt). If a claimant fails to attach supporting documentation in compliance with Rule 3001 FRBP, the Court may, after notice and a hearing, preclude the claimant from presenting the omitted information as evidence. Rule 3001(c)(2)(D)(i) FRBP. The Court may also "award other appropriate relief, including reasonable expenses and attorney's fees." Rule 3001(c)(2)(D)(ii) FRBP. Under traditional rules of construction, the language "other appropriate relief" under Rule 3001(c)(2)(D)(ii) FRBP should be construed to permit a remedy of the same character as reasonable expenses and attorney's fees. *Reynolds*, 470 B.R. at 144 (citing *Dep't of Labor v. Perini N. River Assocs.*, 459 U.S. 297, 327 (1983)). Disallowance or expungement of a claim—a substantive remedy—is not of the same character as the procedural and evidentiary sanctions available under Rule 3001(c)(2)(D)(i) and (ii) FRBP.

This Court agrees with and adopts the majority view, based on the plain language of 11 U.S.C. § 502 and Rule 3001(c) FRBP. Section 502(b) of the Bankruptcy Code provides the exclusive grounds for the substantive remedy of disallowance of a claim. Failure to provide the required information under Rule 3001(c) FRBP does not create an independent basis to disallow a proof of claim under Rule 3001(c)(2)(D). *Reynolds*, 470 B.R. at 145; *see also Brunson*, 486 B.R. at 772-73. This Court echoes the policy rationale set forth in *In re Kincaid*—that a contrary view would permit debtors to defeat claims "they admittedly owe based on perceived evidentiary advantages." *Kincaid*, 388 B.R. at 618.

In adopting the majority view, the Court distinguishes its holding in *In re Doherty*, 400 B.R. 382 (Bankr. W.D.N.Y. 2009) (Ninfo, J.), disallowing a proof of claim for absence of documents evidencing ownership of the claim.[5] The *Doherty* decision predated the amendment

---

5    The *Doherty* decision has been cited to this Court repeatedly in claim objections seeking to disallow proofs of claim based solely on the lack of documentation—robotically asserted

12

to Rule 3001(c)(2) FRBP and is otherwise distinguishable from the omnibus objection at hand. In disallowing the creditors' claim, the *Doherty* Court reasoned that only a "creditor" could file a proof of claim under 11 U.S.C. § 501(a) and—in the absence of proof of ownership of that claim by its assignee—the assignee claimant was not entitled to file a proof of claim under 11 U.S.C. § 501. *Doherty*, 400 B.R. at 383. While the *Doherty* Court, unfortunately, did not reference a specific provision of 11 U.S.C. § 502(b) or even § 502(b) generally in disallowing the proof of claim, it is fair to conclude that disallowance was based on 11 U.S.C. § 502(b)(1) because the claim was not enforceable against the debtor under applicable nonbankruptcy law by an entity with no recognized basis of privity with the debtor. *See id.* at 383; *see also In re Matusick*, 522 B.R. 755, 761 (Bankr. W.D.N.Y. 2014) (Bucki, C.J.) (holding that proofs of claim that fail to satisfy the requirements of Rule 3001(c) are not entitled to treatment as being *prima facie* valid, but disallowing the claims because they are "asserted by a stranger with no recognized basis of privity"—and thus, implicating 11 U.S.C. § 502(b)(1) as the basis for disallowance). Both *Doherty* and *Matusick* involved proofs of claim filed by "strangers"—entities claiming to be the "assignees" of other creditors who were listed on the Debtor's schedules, but who were otherwise unknown to the debtors. Here, by contrast, the Pearl Claimants are the same creditors identified by the Debtor in Schedule F. The Pearl Claimants are not strangers or third-party assignees—they are the same former investment clients identified by the Debtor as unsecured creditors (ECF No. 301 ¶¶ 4-6).

---

without any substantive objection to the claims under 11 U.S.C. § 502(b). Such objections will not be sustained by the Court without some proof by the movant that there is a good faith and substantive basis to object beyond Rule 3001(c) FRBP.

13

The Court is mindful of the particular injustice that would be worked on the Pearl Claimants in this case, were the Court to disallow their claims based on the Debtor's evidentiary objection under Rule 3001(c)(2)(D) FRBP. The Debtor listed nearly all of the Pearl Claimants as unsecured creditors in his Schedule F (ECF No. 1, Schedule F). Further, the Debtor has been aware of the Pearl Claimants since the early stages of the bankruptcy case—given that the Pearl Law Firm sought to lift the stay to pursue a FINRA action against the Debtor immediately after the Debtor commenced this case (ECF No. 14). The Debtor opposed the Pearl Law Firm's lift stay motion and asserted in his own papers that "Mr. Pearl is chasing after [the Debtor's] other clients using the schedules and/or matrix in this case" (ECF No. 24 ¶ 6). The Court will not grant the Debtor's request to silence the Pearl Claimants for their failure to attach a copy of an investment agreement to their proofs of claim, where there appears to be no genuine, good faith argument that the claimants are "strangers." The Court finds that the failure to provide the supporting information under Rule 3001(c) FRBP—to the extent that the claims are actually "based on a writing" (which is doubtful given the nature of the claims sounding in compensatory damages for violations of FINRA and NYSE rules)—was substantially justified or is harmless under Rule 3001(c)(2)(D)(i). The documentation concerning each claim, for each claimant, may constitute thousands of pages, in order to calculate the amount of each Pearl Claimant's claim under 11 U.S.C. § 502(b). Unless and until there appear to be assets that would be available for distribution to unsecured creditors, that process is both unnecessary and contrary to Rule 1001 FRBP.

The Debtor's motion to disallow claims under Rule 3001(c)(2)(D)—based on the Pearl Claimants' failure to attach a copy of investment agreements—is **DENIED**.

### B. The Debtor Lacks Standing to Object to Claims as a Chapter 7 Debtor in This No-Asset Case.

The Debtor's omnibus claim objection raises the further issue of whether the Debtor has standing to object to proofs of claim where there is no potential for a surplus, after payment of all claims in full. Under 11 U.S.C. § 502(a), "a claim . . . is deemed allowed, unless a party in interest . . . objects." For purposes of Chapter 7 proceedings, the term—"party in interest"—is not defined. *Pascazi v.Fiber Consultants, Inc.*, 445 B.R. 124, 127 (Bankr. S.D.N.Y. 2011). However, it has been held that "a Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000); *Pascazi*, 445 B.R. at 127. *But see Matusick*, 522 B.R. at 758 n.1 (questioning whether there must be surplus funds in an estate for the debtor to have standing, but ruling on other grounds). In essence, to have standing, the Chapter 7 debtor must have a "pecuniary interest in the case's outcome." *In re Chaitan*, 517 B.R. 419, 426 (Bankr. E.D.N.Y. 2014). The purpose of the surplus requirement in a Chapter 7 case rests on the idea that "the success of the debtor's objection cannot affect him because the debtor receives a distribution only after all creditors have been paid in full, and an estate will rarely have enough assets to do that." *Pascazi*, 445 B.R. at 127 (internal quotation marks omitted) (quoting *In re Ulz*, 401 B.R. 321, 328 (Bankr. N.D. Ill. 2009)); *see* 4 *Collier on Bankruptcy* ¶ 502.02[2][c] (16th ed. rev.) ("In a chapter 7 case, . . . the debtor usually has no pecuniary interest that would justify objecting to a claim unless there could be a surplus after all claims are paid."). The debtor has the burden to demonstrate standing by showing a "'reasonable possibility' that the value of

15

the bankruptcy estate assets exceeds estate debts." *Osborne v. Tulis*, 594 F. App'x 34, 35 (2d Cir. 2015); *60 E. 80th St. Equities*, 218 F.3d at 116; *Pascazi*, 445 B.R. at 127.

Based on the record, the Court finds that the Debtor lacks standing to raise claim objections because the Debtor has failed to show the reasonable possibility that there would be a surplus in this case. The Debtor's schedules indicate that the Debtor's liabilities exceed his assets by $1,554,660.56 (ECF No. 1, Summary of Schedules). However, given the fact that creditors have filed a total of $21,473,251.02 in claims in this case, the Debtor's liabilities exceed his assets by a much greater amount than scheduled. Here, there is no reasonable possibility that the value of estate assets exceeds estate debts. Even if the Court found that the Debtor raised sufficient grounds for disallowance of the Pearl Claims under 11 U.S.C. § 502(b)—which it does not—as alternative grounds to disallow the omnibus objection to claims, the Court finds that the Debtor lacks standing to object to the claims of the Pearl Claimants.

### C. The Debtor Is Estopped from Disallowing or Precluding Evidence of the Pearl Claimants' Claims.

Finally, the doctrine of judicial estoppel precludes the Debtor from obtaining relief on the omnibus objection to claims, based on the particular facts of this case. *See Reynolds,* 470 B.R. at 145. The common law doctrine of judicial estoppel prevents a party who takes one position in his pleadings from taking an inconsistent position later. *See id.* "The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties form deliberately changing position according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001). Courts typically consider three factors in evaluating whether to invoke this equitable doctrine: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2)

"whether the party has succeeded in persuading a court to accept that party's earlier position"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51.

Here, the Debtor takes inconsistent positions by scheduling 100 of 102 of the Pearl Claimants whose claims the Debtor now seeks to have the Court disallow (*See* ECF No. 1, Schedule F). The Debtor's designation of the Pearl Claimants' unsecured debts as "disputed," "contingent," or "unliquidated" does not convince the Court that the Debtor, in good faith, disputes that each and every Pearl Claimant is a former investment client. Further, by the Debtor's own admission, the supporting documentation that the Debtor seeks—investment agreements to prove the existence of a broker-client relationship—are required to be maintained by the broker/dealer's supervision department (ECF No. 292 ¶ 10). The Debtor, a former licensed stock broker/dealer, is in the best position to know of the existence of these documents and would gain an unfair advantage by disallowance of claims based on lack of documentation that the Debtor—or his former employer—is required to maintain (*Id.*). Finally, disallowing the claims of the Pearl Claimants, and precluding them from presenting evidence in any contested matter or adversary proceeding, would give the Debtor a distinct and unfair litigation advantage based on purely procedural grounds. The Court declines to impose the evidentiary sanctions under Rule 3001(c)(2)(D)(i) on the facts of this case. The substantive and evidentiary relief sought by the Debtor's omnibus objection is **DENIED**, based on the doctrine of judicial estoppel.

## V.

## CONCLUSION

Because 11 U.S.C. § 502(b)(1) through (9) provide the exclusive grounds for disallowance of a proof of claim—and the failure to comply with Rule 3001 FRBP is not an independent basis to disallow a claim under 11 U.S.C. § 502(b)—the Debtor's motion to disallow and expunge the Pearl Claimants' proofs of claim is **DENIED**. Alternatively and additionally, the Debtor's motion to disallow the claims is **DENIED,** by operation of the doctrine of judicial estoppel and because the Debtor lacks standing to object in this no-asset case—that lacks even the remotest prospect of a surplus to benefit the Debtor. The Debtor's further request to impose evidentiary sanctions against the Pearl claimants—in any contested matter or adversary proceeding filed in this case—is in all respects **DENIED**. The Debtor's request for sanctions and attorney's fees against the Pearl Claimants is also in all respects **DENIED**.

IT IS SO ORDERED.

DATED: May 14, 2015                  _____/s/_____
    Rochester, New York             HON. PAUL R. WARREN
                                         United States Bankruptcy Judge