UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    William L. Tatro, IV,                          Bankruptcy Case No. 12-21266-PRW
                                                            Chapter 7

        Debtor.
_____

**DECISION AND ORDER
GRANTING DEBTOR'S MOTION FOR ENTRY OF DISCHARGE AND
DIRECTING CLERK OF COURT
TO ENTER DISCHARGE**

PAUL R. WARREN, United States Bankruptcy Judge

      William L. Tatro, IV ("Tatro") filed a Chapter 7 petition on July 30, 2012. For a considerable period of time before filing, Tatro was employed as a registered securities broker. Around 2010, his license to act as a securities broker-dealer was revoked by the Financial Industry Regulatory Authority ("FINRA"). Faced with the fairly short deadline to file a complaint objecting to Tatro's discharge under 11 U.S.C. §§ 523(c) and 727, imposed by Rules 4004(a) and 4007(c) FRBP, the Pearl Law Firm—on behalf of over 100 of Tatro's former clients ("Movants")—filed a timely motion requesting an extension of time to file a complaint under §§ 523(c) and 727 of the Code. (ECF No. 85). Movants pointed to their need to take Tatro's deposition and obtain from him the production of documents as "cause" supporting the requested extension. Tatro strenuously and loudly objected to Movants' request for an extension of time and to the requested Rule 2004 examination. (*See* ECF Nos. 146, 157, 166). The Court granted Movants' request for a Rule 2004 examination of Tatro and extended for Movants the deadline under Rules 4004(b) and 4007(c) to "60 days from the conclusion of the [Rule] 2004(b)

deposition of the Debtor," by Order entered March 6, 2013 ("Order"). (ECF No. 205). Tatro submitted to an all-day Rule 2004 deposition on November 14, 2013, prior to which—over the course of many months—he supplied the pre-examination documents demanded by Movants. (ECF No. 377 ¶ 34). Tatro then provided those additional documents demanded by Movants during the course of his deposition, the last of those documents being delivered on February 20, 2014. (*Id.* ¶ 37).

Tatro has now moved for entry of a discharge under Rule 4004(c) FRBP. (ECF Nos. 377, 379). Because Tatro complied with the Order requiring him to produce documents demanded by Movants and submitted to a Rule 2004 deposition as directed by the Order, and because Movants did not ever request a further extension of time under the Order, the time for Movants to object to discharge under 11 U.S.C. §§ 523(c) and 727 has expired. The Debtor's motion requesting entry of an order of discharge under Rule 4004(c)(1) FRBP is **GRANTED**.

# I.
## ISSUE

The question presented is whether the extension of time to object to Tatro's discharge under 11 U.S.C. §§ 523(c) and 727, granted to Movants by Order dated March 6, 2013, has expired. The answer is yes.

# II.
## DISCUSSION

Rule 4004(a) FRBP provides that an objection to a chapter 7 debtor's discharge must be filed no later than sixty days after the first date set for the § 341 meeting of creditors. On motion of a party in interest, the Court can extend the time to object to discharge for "cause." Rules

2

4004(b)(1) and 4007(c) FRBP.  The Court must issue a discharge after the expiration of the time fixed to object to the discharge, unless "a motion to extend the time for filing a complaint objecting to discharge is pending."  Rule 4004(c)(1)(E); *In re Robinson*, No. 12-11915 (SMB), 2013 Bankr. LEXIS 3267, at *6 (Bankr. S.D.N.Y. Aug. 1, 2013); *see also Citibank, N.A. v. Emery*, 132 F.3d 892, 895 (2d Cir. 1998); *In re Chua*, 13 Misc. 346 (RMB), 2015 U.S. Dist. LEXIS 80827, at *2 (S.D.N.Y. June 18, 2015), *aff'g*, 2013 Bankr. LEXIS 3267 (Bankr. S.D.N.Y. Aug. 1, 2013).

Movants are former clients of Tatro, who claim to be victims of Tatro's misdeeds while he was serving as their financial advisor and broker.  *See generally In re Tatro*, No. 12-21266-PRW, 2015 Bankr. LEXIS 1648, at *4-5 (Bankr. W.D.N.Y. May 14, 2015).  They claim to have suffered great financial losses at the hands of Tatro.  Their story is assuredly a sympathetic one.  But they did not (ever) file complaints objecting to Tatro's discharge under 11 U.S.C. §§ 523(c) or 727, despite being granted a finite extension of time to object.  And under the Federal Rules of Bankruptcy Procedure, even creditors with exceedingly sympathetic stories must act in a timely manner.

Movants sought and were granted an extension of time to object to Tatro's discharge.  (ECF No. 205).  They also sought and were granted the right to depose Tatro under Rule 2004 FRBP and the right to obtain documents from Tatro.  (*Id.*).  The Order resolved Movants' motion—at which point the motion was no longer pending.  And despite Movants' veiled suggestion to the contrary, the Order granting Movants' motion limited the duration of the extension of time to object to Tatro's discharge under §§ 523(c) or 727 of the Code.  That extension of time under Rules 4004(b) and 4007(c) FRBP was for 60 days from the conclusion of the Rule 2004 examination of Tatro by Movants.

Movants do not dispute that on November 14, 2013, Tatro submitted to a lengthy Rule 2004 deposition, prior to which he produced those documents demanded by Movants. During the deposition, Movants demanded additional documents. Over the next few months, those additional documents were produced. On February 20, 2014, the last of the requested documents was delivered, with a letter from Tatro's counsel requesting that Movants either schedule a date for further examination of Tatro or indicate that further examination was not requested. (ECF No. 377 ¶¶ 33-38). That letter was followed by silence. (*Id.* ¶ 38). Movants seem to suggest—although they avoid actually saying—that because they did not *acknowledge* that Tatro's deposition was concluded, the deadline in the Order never expired.[1] It has been nearly 3 years since Movants conducted Tatro's deposition and over 2 ½ years since they received the documents they demanded, followed by Movants' utter silence on the issue of Tatro's discharge. Counsel could not have reasonably believed that the deadline in the Order was without end, as long as counsel did not *acknowledge* that Tatro's deposition and document production was concluded. *See In re Robinson*, No. 12-11915 (SMB), 2013 Bankr. LEXIS 3267, at *8-9 (Bankr. S.D.N.Y. Aug. 1, 2013) ("[The creditor] could not have reasonably believed that the deadline was open ended, and he could sit around as long as he liked after deposing the debtor."), *aff'd*, 2015 U.S. Dist. 80827 (S.D.N.Y. June 18, 2015).

In their opposition to Tatro's motion requesting entry of a discharge order, Movants do not claim that Tatro failed to produce documents or failed to submit to a Rule 2004 examination as required by the Court's Order. (*See* ECF No. 383). They do not claim that they sought a

---

[1] Although the Movants' responding papers do not even hint at this argument, Movants' counsel pressed this argument at the hearing on the Debtor's motion for a discharge on November 3, 2016. Counsel could not point to a provision in the extension Order, any Code or Rule provision, or any decisional law to support his creative but feeble argument.

further extension of time to object. In fact, Movants do not even attempt to claim that the Rule 2004 examination was not "concluded." There is no factual dispute as to whether Tatro complied with the Court's Order. And his compliance was completed when the last of the demanded documents was produced on February 20, 2014. At that point, under the terms of the Order, Movants could have reconvened the deposition, requested a further extension of time, or filed a complaint—all within the time period specified in the Order. Instead, Movants did nothing to address the deadline set by the Order.

Enforcement of this Court's Order granting Movants an extension of time is not a matter of equity, as Movants would have it. Movants argue that they elected to pursue their FINRA arbitration remedies to conclusion, before deciding whether to challenge Tatro's right to receive a discharge in bankruptcy. (ECF No. 383 at 5-6). The fact that Movants elected to pursue recovery from Tatro's former broker-dealer employers through FINRA arbitrations, to the exclusion of filing a complaint objecting to Tatro's discharge under §§ 523(c) or 727, did not somehow toll the deadline under this Court's Order extending time. The Order granting Movants an extension of time to object to Tatro's discharge was conditioned on his production of documents and his submission to a deposition. (*See* ECF No. 205). The Order was not conditioned on Movants uttering a secret incantation—by which they would acknowledge that the Rule 2004 deposition was "concluded"—without which the deposition and the extension of time would forever remain frozen in time. Viewed objectively, the deposition was "concluded" 30 days from February 20, 2014, when the last of the demanded documents were provided by Tatro, because no demand was made to reconvene the deposition for further examination of Tatro. From that date, Movants had 60 days to act. They did not act in the manner required by this Court's Order.

5

The fact that Tatro may be a bad fellow cannot serve as a basis to avoid the limitations period under Rule 4004(c) FRBP, as extended to allow Movants to conduct a Rule 2004 examination. The limitations period under Rule 4007(c) and Rule 4004(a) protects all debtors—the anonymous and the infamous alike—by ensuring that objections to discharge are brought timely. Rules 4004(a) and 4007(c) FRBP also allow the Court to protect creditors, by extending their time to object to a debtor's discharge for cause (if requested timely). As the Second Circuit instructs, "[i]f there are no objections to discharge by the bar date, the bankruptcy court should grant discharge forthwith." *Citibank, N.A. v. Emery*, 132 F.3d 892, 895 (2d Cir. 1998) (citing 11 U.S.C. § 727 and Rule 4004(c) FRBP).

Here, the Movants' own Order tied their extension of time to object to Tatro's discharge to his production of documents and his cooperation in submitting to a deposition under Rule 2004 FRBP. Tatro seems to have acquiesced in all respects—and Movants do not claim otherwise. On February 20, 2014, the last of the documents demanded by Movants was delivered, with a letter reminding counsel of the deadline imposed by the Order. The Order required Movants to file their complaints or seek a further extension on or before May 21, 2014. They did not. They have not even still. The time for the filing of a complaint objecting to Tatro's discharge under 11 U.S.C. §§ 523(c) and 727 has expired. There are no other impediments to the granting of a discharge under Rule 4004(c) FRBP. Discharge must be entered forthwith. *Emery*, 132 F.3d at 895; Rule 4004(c) FRBP. The Clerk of Court is instructed to enter a discharge in this case immediately.

# III.

## CONCLUSION

Because the extension of time to object to the Debtor's discharge—granted in and by the Court's March 6, 2013 Order—has expired by its plain and unambiguous terms, the Debtor's motion requesting entry of an order of discharge under Rule 4004(c)(1) FRBP is **GRANTED**.

IT IS SO ORDERED.

DATED: November 4, 2016  
       Rochester, New York

_____/s/_____  
HON. PAUL R. WARREN  
United States Bankruptcy Judge

7

Case 2-12-21266-PRW  Doc 387  Filed 11/04/16  Entered 11/04/16 13:37:56  Desc
Main Document  Page 7 of 7